UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEL WARNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-3189 |
| | ) |
| AFSCME COUNCIL 962, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Joel Warne ("Warne"), brings this action against Defendant, AFSCME Counsel 962 ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA").

**PARTIES**

2. Warne currently resides in Texas.

3. Defendant is a labor organization operating within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Warne was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" and a "labor organization" within the meaning of 42 U.S.C. § 12111.

7. Warne satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue notice to Warne. He now timely files his lawsuit.

8.  Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9.  Warne is a qualified individual with a disability and/or has a record of a disability.

10. Defendant hired Warne for the Staff Representative/Organizer position on or about November 12, 2019.

11. Warne's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12. Warne has been diagnosed and treated for white matter disease and cerebral small vessel disease.

13. Warne's impairments substantially limit Warne in several major life activities, including, but not limited to, thinking, concentrating, and cognitive functioning.

14. Defendant was aware of Warne's impairments at all relevant times.

15. Norma Kersting ("Kersting") supervised Warne, and Kersting reported to Executive Director David Robertson ("Robertson").

16. On or about December 1, 2019, Defendant held an organizing teleconference during which it was decided that Staff Representative/Organizer Eleisha Hollingsworth and Warne would attend a new steward training on or about Saturday, December 14, 2019.

17. Warne emailed Kersting several times asking that she provide the specific time for the training because of his neurological impairments. His requests constituted requests for reasonable accommodations. Specific times are important to him because of his disabilities. Kersting ignored his emails.

18. On or about December 13, 2019, Warne again asked that Kersting advise him of

the start time of the training on December 14.  He told her that he was asking for the time as a reasonable accommodation because of his disabilities.  He advised her that, when working weekends, he would need to know a reasonable amount of time in advance when he would be expected to work as a reasonable accommodation for his disabilities.  She finally retorted: "9:00 a.m."

19. Warne reported for the training before 9:00 a.m. on or about December 14, 2020.  The training, however, did not start until around 10:00 a.m.

20. After the training had concluded, Kersting told Warne that she wanted to speak with him.  Warne and Kersting discussed his accommodation request.  He told her that accommodations are not often convenient and that, if Defendant could not provide a reasonable accommodation to him, then he would be forced to file a Charge of Discrimination with the EEOC.

21. On or about December 15, 2019, Warne sent a text message to Robertson stating that he wanted to speak with him about a reasonable accommodation.  Robertson did not respond.

22. On or about December 17, 2019, Kersting informed Warne that Defendant was ending his probation and firing him.  She indicated that his employment was ending because his "behavior" on December 14 was unacceptable.

23. Defendant fired Warne because of his statutorily-protected conduct.

24. Defendant has accorded more favorable treatment to similarly-situated employees outside of Warne's protected class.

25. All reasons proffered by Defendant for adverse actions it took regarding Warne's

employment are pretextual.

26. Warne has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

27. Warne hereby incorporates paragraphs 1-26 of his Complaint.

28. Warne asked for a reasonable accommodation.

29. Defendant did not engage in the interactive process with Warne and did not provide any reasonable accommodation to him.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Warne's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

31. Warne hereby incorporates paragraphs 1-30 of his Complaint.

32. Warne asked for a reasonable accommodation, thereby engaging in statutorily-protected conduct.

33. Warne told Defendant that he would have to file a Charge of Discrimination with the EEOC if Defendant did not proffer a reasonable accommodation to him, thereby engaging in statutorily-protected conduct.

34. Defendant fired Warne because of his statutorily-protected conduct.

35. Defendant's unlawful actions were intentional, willful, and done in reckless

disregard of Warne's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Joel Warne, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Warne to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Warne;

3. Defendant pay compensatory and punitive damages to Warne;

4. Defendant pay pre- and post-judgment interest to Warne;

5. Defendant pay Warne's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Warne any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570
Email:         jhaskin@jhaskinlaw.com
                 bwilson@jhaskinlaw.com
                 ndickey@jhaskinlaw.com
Attorneys for Plaintiff, Joel Warne

## **DEMAND FOR JURY TRIAL**

  Plaintiff, Joel Warne, by counsel, respectfully requests a jury trial for all issues deemed triable.

               Respectfully submitted,

               John H. Haskin, Attorney No. 7576-49
               Bradley L. Wilson, Attorney No.  21154-49
               Natalie R. Dickey, Attorney No. 25294-41
               JOHN H. HASKIN & ASSOCIATES
               255 North Alabama Street, 2nd Floor
               Indianapolis, Indiana  46204
               Telephone: (317)955-9500
               Facsimile: (317)955-2570
               Email:  jhaskin@jhaskinlaw.com
                    bwilson@jhaskinlaw.com
                    ndickey@jhaskinlaw.com
               Attorneys for Plaintiff, Joel Warne